**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGEL LINARES LUCERO,<br><br>        Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>        Respondent. | No. 16-70629<br><br>Agency No.<br>A088-761-368<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025[**]
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Angel Linares Lucero petitions for review of the Board of Immigration

Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of

statutory withholding of removal and relief under the Convention Against Torture

(CAT). We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Where the BIA provides its own reasoning, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). We review factual findings for substantial evidence and legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

1. ***Withholding of Removal.*** An applicant for statutory withholding of removal "must demonstrate that [his] life will be 'threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'" *Id.* at 832 (quoting 8 U.S.C. § 1231(b)(3)(A)). Applicants may establish a presumption of fear of future persecution based on past persecution or a clear probability of future persecution. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1197 (9th Cir. 2023).

Linares Lucero failed to establish past persecution. Although his brother received several death threats and had his car stolen twice in 2008 after testifying against his cousin's murderer, there is no evidence that Linares Lucero received any threats or was harmed. Linares Lucero does not explain how the threats received by his brother are "part of a pattern of persecution closely tied to the petitioner himself." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (citation modified).

Substantial evidence also supports the BIA's conclusion that Linares Lucero failed to establish a clear probability of future persecution based on a protected

ground. Linares Lucero believes that the criminals who threatened his brother are dangerous and will harm him. But there is no "direct[] and specific evidence that the petitioner faces an individualized risk of persecution . . . ." *Gutierrez-Alm*, 62 F.4th at 1198 (citation modified). Linares Lucero's mother and sister remain safely in his hometown in Guatemala, which undermines his assertion that criminals would target him because of his familial connection to his brother. *See Sharma*, 9 F.4th at 1066. And to the extent that Linares Lucero fears generalized violence, that fear "bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2. ***Convention Against Torture.*** To obtain relief under CAT, Linares Lucero must "demonstrate that he, *in particular*, would more likely than not face torture" if removed to Guatemala. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022). Substantial evidence supports the BIA's determination that he has not made this showing. The concerning events involving his brother that occurred over a decade ago do not compel the conclusion that it is more likely than not that Linares Lucero will be tortured. Moreover, the record does not compel the conclusion that the government of Guatemala would consent or acquiesce to any possible torture. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016). The country-conditions report provided by Linares Lucero includes reports of crime, but there is also evidence in the record that the Guatemalan government attempts to respond to crime. Indeed, Linares Lucero testified that his cousin's murderers were

convicted and sentenced. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) (denying a CAT petition because although a government might be ineffective at stopping crime, it was making genuine efforts to combat and prosecute criminal activity).

**PETITION DENIED.**